Walter J. Mahoney, J.
The defendant seeks an order dismissing the complaint of the plaintiff pursuant to CPLB 3211 (subd. [a]) on the grounds that the complaint fails to state a cause of action.
The complaint alleges, in essence, that the individual plaintiffs are residents of the County of Brie, State of New York, and are female members of the employment market of said jurisdiction and that the defendant corporation, a newspaper, contains a classified advertisement section which regularly advertises employment opportunities.
The gravamen of the complaint is probably found in paragraph 10 thereof which states “ that the defendant publishes employment opportunities under separate listings for ‘ ‘ help wanted — MALE “ HELP WANTED-FEMALE ” and “ HELP WANTED-1ÍALE or female” without regard as to whether or not sex constituted a bona fide qualification for the employment opportunities so listed.”
The plaintiffs further allege that by reason of the aforesaid they and others similarly situated have suffered irreparable injuries because of what they term discrimination because of sex.
*918 The complaint seeks a permanent injunction against the defendant as well as the award of monetary damages in the sum of $1,000 to each plaintiff.
It would appear to be the contention of the plaintiffs that the segregation of want ads on the basis of sex in the defendant newspapers is in violation of section 296 of the Executive Law, which in essence bars discriminatory practices.
Stripped of all modern philosophical semantics, the issue on this motion comes down to the question of whether or not the defendant is an employment agency as defined in the Executive Law.
The only apparent statutory enlightenment on the issue is found in subdivision 2 of section 292 of the Executive Law which provides: “ 2. The term ‘ employment agency ’ includes any person undertaking to procure employees or opportunities to work.”
While it may well be arguable that only semantics ar'e involved, when we consider the foregoing statutory language, this court is of the opinion that the Legislature did not intend to include newspapers in the afore-mentioned definition.
While the modern trend toward judicial activism may, in the minds of some, indicate the mandatory grant of the relief here sought in plaintiffs’ complaint, nevertheless, we cannot be unmindful of the specific wording of the statute and take upon ourselves decisions properly legislative in nature.
Had the Legislature intended to include newspapers within the statutory proscription, there is no question that they could have done so in the appropriate sections of the Executive Law. Knowing, as we do, the sensitivity of the Legislature relative to usurpation.of the prerogatives of a (so-called), free press, we are of the opinion that absence of specific reference to the publication and newspaper industry in said statute must mean that the Legislature did not intend to place said enterprises in the same category as an employment agency.
Plaintiffs further urge that by virtue of subdivision 6 of said section 296 of the. Executive Law, the complaint herein survives the defendant’s attack here made on this motion. Said subdivision 6 of section 296 provides: “6. It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this-article, or to attempt to do so.”
Application of judicial principles governing criminal liability through accessorial conduct would appear appropriate. Decisional law clearly establishes that an aider and abettor must *919 share the intent or purpose of the principal actor. An aider or abettor does not succeed to principal responsibility merely on the basis that, in retrospect, it could be said that in an objective sense such party might be considered helpful or of use to the actual perpetrators of the offense or crime. There necessarily exists a subjective element as well. As observed by one legal scholar, ‘ ‘ An aider and abettor must share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose.” (1 Burdick, Law of Crime, § 221, p. 297; see, also, People v. La Belle, 18 N Y 2d 405; People v. Weis, 32 A D 2d 856, cert. den. 397 U. S. 1047).
In light of the structuring of the statutory provisions, (including the limitation in application), upon which plaintiffs herein seek to predicate their complaint, such .requisite “ community of purpose ” between defendant corporation and its various advertisers could not be sustained.
It is therefore the opinion of this court that the relief herein sought by the defendant must be granted.